STOCK GROWERS' BANK, Respondent, v. NEFSY et al,
Appellants.

(212 N. W. 512.)

(File No. 5605. Opinion filed February. 26, 1927.)

**Mortgages—Bills and Notes—Vendor and Purchaser—Purchaser's Defenses Against Vendor to Note and Mortgage Were Available Against Bank Assignee of Note and Mortgage, Whose Officer Participated in Negotiations.**

Where vice president of bank was present at and participated in negotiations for purchase of real estate from debtor of bank, representing both the interests of the bank and such debtor, whatever defense to note and mortgage was open to purchasers as against vendor was open to them after assignment to bank.

Burch and Polley, JJ., dissenting.

---

Note.—See, Headnote, American Key-Numbered Digest, Mortgages, Key-No. 256, 41 C. J. Secs. 711, 716, Vendor and purchaser, Key-No. 261(3), 39 Cyc. 1663.

Appeal from Circuit Court, Stanley County; HON. JOHN F. HUGHES, Judge.

Action by the Stock Growers' Bank against William H. Nefsy and another. Judgment for plaintiff, and defendants appeal. Judgment vacated.

*Henry Frawley,* of Deadwood, and *Fuller & Robinson,* of Pierre, for Appellants.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Respondent.

GATES, J. This is an action to foreclose the $10,000 mortgage mentioned in Giddings v. Nefsy (No. 5604), 212 N. W. 507, the opinion in which is handed down herewith. For the purposes of trial this case was consolidated with that. The mortgage and the note which it secured were assigned to plaintiff bank as collateral security for an indebtedness due from Giddings. The witness Sumner was vice president of plaintiff bank, and was present at and participated in the negotiations which resulted in the purchase of the 1,960-acre ranch by appellants, and knew all about that transaction, and was looking after the interests of Giddings as well as the interests of the bank, which was "a heavy creditor" of Giddings. Defendants appeal from the judgment and order denying new trial.

From the evidence of Sumner alone the conclusion is irresistible that whatever defense to the note and mortgage was open to appellants while Giddings owned them was open to appellants after they were assigned to respondent.

Therefore, by reason of our decision in the other case, the judgment of foreclosure in this case and the order denying new trial are vacated.

BURCH and POLLEY, JJ., dissent.